**Juanita CRAINE and Nancy Brown, Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 82–8779.

United States Court of Appeals, Eleventh Circuit.

Jan. 16, 1984.

James A. Elkins, Jr., E. Wright Davis, Jr., Columbus, Ga., for plaintiffs-appellants.

Gregory J. Leonard, Asst. U.S. Atty., Macon, Ga., for defendant-appellee.

Before HILL and CLARK, Circuit Judges, and LYNNE *, District Judge.

JAMES C. HILL, Circuit Judge:

Appellants Craine and Brown appeal from the district court's judgment in favor of the defendant-appellee United States in an action brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) (1976). Appellants contend that the district court erred in failing to find a duty to warn on the part of the Government and in failing to find the Government liable under Official Code of Georgia Annotated § 51-1-22 (1982). We conclude that the district court was correct in finding no liability on the part of the Government and therefore affirm.

## FACTUAL BACKGROUND

These consolidated suits arise from a tragic boating accident on April 4, 1981 on the Chattahoochee River in Columbus, Georgia. The parties have no material dispute with the following facts as found by the district judge as follows:

On April 1, 1981 Robert L. Moore, a sergeant in the United States Army stationed at Fort Benning, rented a 14 foot aluminum boat equipped with two oars, five Coast Guard approved flotation devices, a 9.8 H.P. Mercury outboard motor, and a boat trailer, from the Fort Benning Morale Support Activities Division, Outdoor Rentals. The boat was rented to Moore by the manager of the rentals section and before turning the boat over to Moore the manager followed the customary procedure of inspecting the fuel line and starting the motor to insure its serviceability, and in a general manner instructed him concerning its use. He also provided Moore with a copy of the Fort Benning Boating Safety Rules.

What Moore did with the boat between the time he rented it and three days later during the afternoon of April 4, 1981 is not known. However, the evidence

* Honorable Seybourn H. Lynne, U.S. District Court Judge for the Northern District of Alabama, sitting by designation.

shows that at about 1:00 p.m. on April 4, 1981 Moore was operating the boat in the waters of the Chattahoochee River near the Chase Apartments in Columbus, Georgia. At that time Moore had some minor children and an adult by the name of Anthony in the boat and was heading upstream when he ran the boat onto a rock in the river. Anthony became concerned about the situation and insisted that Moore turn the boat around and head back to shore, which Moore did. On the way back the motor stalled out and Moore was unable to restart it. Consequently, Moore and Anthony rowed the boat back to shore. Later in the afternoon Moore got six minor children of various ages in the boat with him, among whom were the minor child of Plaintiff Juanita Craine and the three minor children of the Plaintiff Nancy Brown, for the purpose of giving them a ride on the river. He started the motor and moved the boat out into the stream. The river was swollen from recent heavy rains and the current was swift and hazardous. As he got the boat out into the stream some people on shore shouted to Moore demanding that he return to shore fearing for the safety of the children. Once again the motor stalled. Moore succeeded in restarting the motor, but instead of returning to shore he piloted the boat downstream in the direction of a concrete dam and spillway. He did not change his direction until he was within approximately fourteen feet of the dam, at which time he reversed course and turned the boat upstream. At this time the motor stalled again and the boat and all of its occupants were swept over the dam. All of the occupants of the boat except one were drowned.

The district court also found from the uncontroverted evidence that at the time of his death, Sergeant Moore's blood alcohol level was .29%. When an expert was asked what effect such a blood alcohol level would have on one's ability to operate a boat or any type of motor vehicle, the expert replied:

It would be extremely difficult to do it with any type of proficiency. Many individuals couldn't do it at all because they would pass out at this blood level. Other persons, particularly persons who are— have adapted themselves to these levels of blood alcohol, could function to an extent. It would be very difficult. It would be sloppy, if you will. The coordination would be very poor. The decision-making capabilities would be markedly decreased. They would deteriorate appreciably.

The court thus concluded that Moore's criminal negligence was the sole proximate cause of the deaths and that the Government was not liable.

## LEGAL DISCUSSION

■ The appellants' first contention on appeal is that the Government had a duty to warn Sergeant Moore and breached that duty. The evidence showed that the Government agent discussed the operation of the motor with Moore as well as giving him a copy of the basic safety rules for operating a small craft. The appellants now contend that the Government agent should have warned Moore about operating the boat in rapid current or near a dam. The law imposes no requirement that one who rents equipment such as a boat or vehicle instruct the renter on every possible danger that could be faced. For example, one would not expect a car rental company to warn its customers about the dangers of reckless operation of a vehicle along hazardous roads during inclement weather.

■ Further, when there has intervened between the defendant's negligent act and the injury an independent illegal act of a third person producing the injury, and without which it would not have happened, the latter is properly held to be the proximate cause of the injury and the defendant is excused unless the defendant has reasonable grounds for apprehending that such criminal act would be committed. *Warner v. Arnold,* 133 Ga.App. 174, 210 S.E.2d 350, 352 (1974); *see also Williams v. Grier,* 196 Ga. 327, 26 S.E.2d 698, 704–05 (1943); *Andrews & Co. v. Kinsel,* 114 Ga. 390, 40 S.E. 300 (1901). The foreseeability

of the intervening negligent and criminal conduct of Sergeant Moore is a factual issue, and we do not consider the district court's finding that Moore's criminal negligence was the sole proximate cause of the deaths to be clearly erroneous.

 Appellants' second contention is that the district court should have found the United States liable under Official Code Ga.Ann. § 51–1–22, which provides in part:

> The owner of a vessel shall be liable for any injury or damage occasioned by the negligent operation of the vessel, whether the negligence consists of a violation of the statutes of this state or of neglecting to observe such ordinary care in such operation as the rules of common law require. The owner shall not be liable, however, unless the vessel is being used with his or her express or implied consent.

Under this provision, appellant seeks to hold the Government as owner of the vessel liable for the negligent operation of the vessel by the lessee, Sergeant Moore. While there are no reported cases interpreting this statute in circumstances other than the family purpose context, we need not decide its applicability to this case. The plaintiffs sued in district court under the Federal Tort Claims Act, 28 U.S.C. § 1346, wherein the United States waives sovereign immunity for

> civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b). Thus, absent a negligent act or omission on the part of a Government employee while in the scope of his employment, the United States cannot be held liable. *See, e.g., Lathers v. Penguin Industries, Inc.,* 687 F.2d 69, 72 (5th Cir.

1982) (holding that the United States is not liable for the negligence of an independent contractor with the Government); *Aretz v. United States,* 604 F.2d 417, 426–27 (5th Cir.1979) (no liability for acts of independent contractor; liability of the Government based on strict liability precluded). "Regardless of state law characterization, the Federal Tort Claims Act itself precludes the imposition of liability if there has been no negligence or other form of 'misfeasance and nonfeasance' . . . on the part of the Government." *Laird v. Nelms,* 406 U.S. 797, 799, 92 S.Ct. 1899, 1901, 32 L.Ed.2d 499 (1972) (citation omitted).

 The district court found that there was no negligence on the part of the employees of the Army facility which rented the boat to Moore. Such a finding is not clearly erroneous and precludes liability under the Federal Tort Claims Act.

Accordingly, the judgment of the district court is

AFFIRMED.