United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**
No. 97-1152

Mark C. Leach, Special Administrator    *
of the Estate of Penny N. Leach,    *
Deceased,    *
   *
       Appellant,    *    Appeal from the United States
   *    District Court for the Western
       v.    *    District of Arkansas.
   *
Mountain Lake, Doing Business as    *
Mountain Harbor Resort, Inc., an    *
Arkansas Corporation,    *
   *
       Appellee,    *
   *
       and    *
   *
Waco Manufacturing, Inc., an    *
Arkansas Corporation,    *
   *
       Defendant.    *

_____

Submitted: June 13, 1997

Filed: July 25, 1997

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
     Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

The plaintiff in a diversity action appeals from the trial court's grant of summary judgment to the defendant on two claims and from the judgment entered on the jury's verdict for the defendant on the remaining claim. We affirm the judgments of the trial court.[1]

## I.

The facts of this case, although tragic, are simple. One spring afternoon, the decedent, a friend, and their five children rented a boat on Lake Ouachita from a marina owned and operated by the defendant. When the party rented the boat, the weather seemed calm. The National Weather Service ("NWS"), however, had issued what is called a Lake Wind Advisory earlier that day that warned of strong afternoon winds on the lakes in the area. Although the marina had a radio that received NWS broadcasts, it was the practice of the marina's personnel neither to monitor the broadcasts nor to acquire weather information and pass it on to its customers. The marina, therefore, did not inform the boating party about the wind advisory.

During the outing, one of the children fell into the water when a strong gust of wind rocked the boat. The child had been sitting on the edge of the boat dangling her feet in the water, and was not wearing a life jacket. The decedent, who also was not wearing a life jacket, dived into the water to save the child. The friend attempted unsuccessfully to throw life jackets to the two and to steer the boat so that she could reach them. The friend then jumped into the water herself and rescued the child, but could not find the decedent, who drowned.

---

[1]The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

The decedent's estate sued the marina, alleging that the defendant was negligent in failing to advise the party of the NWS advisory and the temperature of the water, in failing to equip the boat with safety equipment specifically required by an Arkansas statute, and in failing to equip the boat properly (because it lacked certain other safety equipment). The trial court granted summary judgment to the defendant on the first and third claims, and a jury found in favor of the defendant on the second. This appeal followed.

## II.

The plaintiff maintains that the marina owed the boaters the duty of ordinary care, and that the question of whether that duty encompassed a duty to acquire and disseminate information about the weather to boaters was one of fact for the jury to decide. We believe that the trial court's thorough and well-reasoned opinion demonstrates both why that question is one of law and why the marina had no such duty to acquire and pass on weather information. As the trial court explained, there is no generalized tort action for the failure to use ordinary care. One must act carefully in performing one's duties, but if there is no duty owed to a particular plaintiff, the issue of ordinary care simply does not arise.

Relying on the analysis in First Electric Cooperative Corp. v. Pinson, 642 S.W.2d 301, 303-04 (Ark. 1982), the trial court thus reasoned that the real issue was not whether the marina owed the boaters a duty of ordinary care, but rather whether there was a legal duty on its part to acquire and transmit information about potentially hazardous weather conditions. To survive summary judgment, therefore, the trial court believed that the plaintiff had to show that the marina had a duty, under the law, to advise the boaters of weather information. The trial court noted that, contrary to the plaintiff's assertions, that decision was one of law to be made by the court and that it was not for the jury simply to decide whether, under the facts of the case, the marina exercised ordinary care when it did not inform the boaters of the weather conditions.

-3-

After noting that it had found no statute, rule, regulation, or case law suggesting that the bailor of a boat has a legal duty to advise bailees of weather information, the trial court, relying on the discussion in Prosser and Keeton on the Law of Torts about when the law creates a liability for nonfeasance based on a special relation between the parties, held that the question of whether to impose the kind of duty that the plaintiff seeks to have recognized here was best left to the legislature. See W. Keeton, D. Dobbs, R. Keeton, and D. Owen, Prosser and Keeton on the Law of Torts § 56 at 373-85 (W. Keeton ed., 5th ed. 1984). The trial court further noted that, even if the matter was one for the court, it perceived no such justification, and then demonstrated, with examples, that such a duty to warn of the weather would be rather unwieldy in practice. The trial court noted, too, that weather information is readily available to those who rent boats (should they choose to seek it), that boaters can themselves observe weather and sea changes and ascertain water temperature, and that the ability of boaters to do this is not in any way dependent upon what marinas do or do not tell them. The trial court therefore concluded that the defendant did not have a duty to warn the boaters of potentially adverse weather conditions. We are persuaded by the thorough reasoning of the trial court, and note also that its conclusion comports with what little case law there is that addresses the issue. See Craine v. United States, 722 F.2d 1523, 1525 (11th Cir. 1984) (bailor of boat had no duty to warn of dangers of operating a boat in a rapid current or near a dam), and Alberti's Administratrix v. Nash, 282 S.W.2d 853, 855 (Ky. 1955) (bailor of boat had no duty to warn of choppy waters on lake).

The plaintiff also claims that the defendant failed to equip the boat properly, for two reasons. First, the plaintiff asserts that the boat was improperly equipped because it lacked certain equipment not required by law, such as a boat hook, ropes, and ring life buoy. Providing such rescue equipment, the argument runs, was necessary to satisfy the marina's duty of ordinary care even though it was not required by statute. The trial court, noting that the relevant state regulatory agency had not determined that such equipment was necessary to promote navigational safety, expressed a reluctance

to impose a duty in navigational matters unrecognized by those in charge of navigational policy.  The trial court accordingly granted summary judgment on this claim to the defendant.  We agree with the trial court's reasoning and conclusion that duty or ordinary care with respect to the proper equipment of boats imposes no requirements beyond those enumerated in the pertinent statutes and regulations.

The plaintiff's final claim is that the defendant failed properly to equip the boat because it lacked a certain flotation device required by statute.  That issue, along with that of the decedent's negligence, went to the jury, which returned a verdict in favor of the defendant.  Because we uphold the trial court's grant of summary judgment to the defendant on the issues discussed above, we need not address the plaintiff's contention that the erroneous grant of summary judgment kept the jury from considering evidence relevant to the other claims in assessing the relative fault of the parties.

III.

For the foregoing reasons, we affirm the judgment of the trial court in its entirety.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.